**[J-98-2018] [MO: Wecht, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

IN RE: PETITION FOR ENFORCEMENT
OF SUBPOENAS ISSUED BY THE
HEARING EXAMINER IN A
PROCEEDING BEFORE THE BOARD
OF MEDICINE

APPEAL OF: M.R.

:  No. 35 EAP 2016
:
:  Appeal from the Order of the
:  Commonwealth Court entered on
:  September 1, 2016, at No. 373 M.D.
:  2016, granting the Petition to Enforce
:  Subpoenas.
:
:  ARGUED: December 5, 2018

**CONCURRING OPINION**

**JUSTICE DOUGHERTY**                    **DECIDED: August 20, 2019**

I join the majority opinion and write separately to highlight the procedural vacuum exposed by the underlying factual scenario.[1] In this case, Dr. DeMichele requested and obtained the issuance of subpoenas by the Board of Medicine hearing examiner in disciplinary proceedings related to her own professional conduct. These subpoenas were directed to individuals with an extremely attenuated connection to the Board proceedings — other physicians who also treated M.R. — and whose impressions or opinions, and records of treatment, are obviously subject to psychotherapist/patient privileges. Ostensibly, Dr. DeMichele sought to use testimony and confidential records from these physicians to defend her treatment of M.R. As M.R. did not waive the confidentiality of her relationship with these other physicians by authorizing their participation, they understandably refused to respond to the subpoenas, and Dr. DeMichele filed a "petition

---

[1] Although I respectfully disagree with the dissenting position taken by Chief Justice Saylor, I recognize he has nevertheless persuasively outlined some of the statutory inadequacies leading to the present appeal. Dissenting Op. at 4-6.

for enforcement" in Commonwealth Court. The majority opinion ably explains why this filing — and the Commonwealth Court's resulting enforcement order — were improper.

What remains unclear is whether the subpoenas should have been issued at **Dr. DeMichele's** request in any event. *See, e.g.*, 63 P.S. §422.9(c) (describing Board authority to issue subpoenas upon application of attorney representing Commonwealth in disciplinary matters; consent of patient or court order required); 63 P.S. §2202 (Commonwealth attorney may obtain subpoena in disciplinary proceeding with patient's consent). *See also* Appellant's Supplemental Reply Brief at 12 (noting Board of Medicine indicated its investigation did not reveal "any prior case in which a private individual . . . sought enforcement of a hearing subpoena issued by the Board"). The relevant statutory mechanisms appear to contemplate proceedings arising from a complaint by a **patient**, who would accordingly waive at least some confidentiality, rather than the report of a treating physician, as occurred here. And, finally, if the subpoenas should not have been issued in the first place, it is unclear where and by whom a challenge might have been lodged.[2] In my view, a motion to quash the subpoenas duly filed with the Board might have succeeded on numerous grounds, including relevance and privilege. *See, e.g.,* 63 P.S. §422.9(c) ("Medical records may not be subpoenaed without consent of the patient or without order of a court of competent jurisdiction on a showing that the records are

_____

[2] More specifically, while I recognize and generally agree with the dissent's evaluation of Dr. DeMichele's standing — or lack thereof — to file an enforcement petition in Commonwealth Court, it begs the question **who** would be in the position to challenge Dr. DeMichele's standing. The Commonwealth Court enforcement action was not a traditional adversarial proceeding where an opponent might challenge procedural defects. In fact, while M.R. was permitted to intervene in that enforcement action, her physicians, whose records and testimony were the subject of the subpoenas, were not named as parties, were not served with the enforcement petition, and were not provided notice of the related hearing. It appears there is a procedural void in the statutory regime currently applicable to the circumstances, which should be addressed by the General Assembly.

reasonably necessary for the conduct of the investigation."); 42 Pa.C.S. §5944 (psychotherapist/patient privilege); 50 P.S. §7111(a)(1) (confidentiality of treatment records).[3]

_____

[3] A subsequent appeal from the hypothetical Board decision to quash or not to quash might then properly lie in the Commonwealth Court's appellate jurisdiction. *See, e.g.,* 42 Pa.C.S. §933 (appeals from government agencies); Pa.R.A.P. 341(c) (issuing tribunal may designate order that does not dispose of all claims and all parties as final for purposes of immediate appeal). Although the General Assembly has invested the courts of common pleas with appellate jurisdiction over certain determinations by Commonwealth agencies, *see* 42 Pa.C.S. §933(a)(1), these courts do not have jurisdiction over appeals in professional licensing disciplinary matters. *See also* Dissenting Op. at 4-5 n.3.